UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DeMARIO JAMES DRUMMOND,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

---

Civil No. 06-2189 (DSD/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] because the petitioner was not "in custody" for the convictions at issue when he commenced this action.

## I. BACKGROUND

In 1997, Petitioner pleaded guilty to several Minnesota state criminal offenses arising out of a shooting incident in downtown St. Paul. He was sent to state prison for an aggregate term of 45 months, and in December 2000, he was discharged from his sentence. Drummond v. State of Minnesota, No. A03-1024 (Minn.App. 2004), rev. denied, June 29, 2004, 2004 WL

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

771757 at *1 (unpublished opinion).

In May 2001, Petitioner was involved in another shooting incident in downtown St. Paul, and a jury later found him guilty of attempted first-degree murder, second degree assault, and drive-by shooting. Petitioner was sentenced to 230 months in prison for his 2001 crimes, and he is presently serving his new sentence at the Minnesota Correctional Facility at Stillwater.[2]

After Petitioner began serving his new sentence for his 2001 crimes, he initiated several state post-conviction proceedings, in which he challenged his 1997 conviction and sentence. He was not granted any favorable relief in any of those state court proceedings.

In his current federal habeas corpus petition, Petitioner is attempting to challenge his 1997 conviction and sentence on several grounds. He claims that (1) his guilty plea was "induced because of deceptive police reports, witness coercion, failure to report exculpatory evidence and excessive amending of charges," (2) his constitutional rights were violated because the prosecutor failed to disclose evidence favorable to his defense, (3) his constitutional rights were violated because he received ineffective assistance of counsel at the trial court level, and (4) his constitutional rights were violated because he received ineffective assistance of counsel on appeal. (Petition, [Docket No. 1], ¶ 12.) The Court finds, however, that Petitioner is not eligible for federal habeas corpus review of his 1997 conviction and sentence, because he is not presently "in custody" as a result of the sentence he received

---

[2] After failing to overturn his 2001 conviction and sentence in several state court proceedings, Petitioner ultimately sought federal habeas corpus relief in this District. Petitioner's federal habeas corpus petition, challenging his 2001 conviction and sentence, was recently dismissed with prejudice. (See Order of District Court Judge David S. Doty, dated May 15, 2006, in Drummond v. State of Minnesota, Civil No. 05-212 (DSD/AJB).)

in that case.

## II. DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court). Furthermore, the Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91 (emphasis added). Therefore, once a person has fully served a state prison sentence, federal habeas corpus review of that sentence, or the conviction that caused it, is no longer available.

When Petitioner filed his current petition, he was not in custody pursuant to the 1997 conviction and sentence that he is now attempting to challenge. It clearly appears that Petitioner had fully served out the sentence at issue here, and had been discharged from that sentence, more than five years before he filed his current petition. Indeed, Petitioner has expressly acknowledged that he has "completed the sentence imposed in this case." (Petition, ¶ 17.) Therefore, he cannot satisfy the "in custody" requirement imposed by 28 U.S.C. § 2254(a). See Maleng, 490 U.S. at 491 ("[w]e have never held... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed") (emphasis in the original).

Petitioner seems to believe that he should be allowed to challenge his 1997 conviction here, because that conviction allegedly was used as evidence to help convict him of the crime

3

for which he is currently incarcerated. That reasoning must be rejected, because Petitioner is not presently challenging the 2001 conviction for which he is now in prison. Moreover, Petitioner <u>could not</u> challenge that 2001 conviction here, because he has already challenged that conviction in a previous federal habeas corpus proceeding filed in this District, and that matter has already been fully adjudicated. (<u>See</u> n. 2, <u>supra</u>.) Petitioner can seek no further federal habeas corpus review of his 2001 conviction and sentence, without first obtaining pre-approval from the Eighth Circuit Court of Appeals. <u>See</u> 28 U.S.C. § 2244(b)(3)(A).

Again, Petitioner is presently challenging only his 1997 conviction and sentence. He cannot claim that he is really seeking federal habeas review of the conviction and sentence for which he is now confined, because he has already tried, unsuccessfully, to do that in a previous case. Because Petitioner has fully served his sentence for the 1997 conviction at issue here, he cannot satisfy the statutory "in custody" requirement with regard to that conviction. Therefore, Petitioner's current habeas corpus petition must be summarily dismissed for lack of jurisdiction. <u>Love v. Tippy</u>, 128 F.3d 1258, 1258 (8th Cir. 1997) (<u>per curiam</u>); <u>Charlton v. Morris</u>, 53 F.3d 929, 929 (8th Cir.) (<u>per curiam</u>), <u>cert</u>. <u>denied</u>, 516 U.S. 926 (1995).

Finally, the Court notes that Petitioner has applied for leave to proceed <u>in forma pauperis</u>, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

4

### III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be DENIED; and

2.  This action be summarily dismissed for lack of jurisdiction.


Dated: June 6, 2006

                                                    s/ Arthur J. Boylan
                                                  ARTHUR J. BOYLAN
                                                  United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before June 21, 2006.